# EXHIBIT 1

Exhibit 1

## Case Information

1-21-1357 | Joe Cotton Vs The Kroger Co. And John Doe

| | | |
|---|---|---|
| **Case Number** <br> 1-21-1357 | **Court** <br> 382nd District Court | **Judicial Officer** <br> Hall, Brett |
| **File Date** <br> 10/01/2021 | **Case Type** <br> Injury/Damage - Other Injury or Damage | **Case Status** <br> Filed |

## Party

**Plaintiff**
Cotton, Joe

**Active Attorneys** ▼
Lead Attorney
Robelen, Scott G.
Retained

**Defendant**
The Kroger Co.

Address
By Serving Its Registered Agent, Corporation Service Company D/B
CSC-Lawyers Incorporating Service Co.
211 E. 7th Street Suite 620

**Active Attorneys** ▼
Lead Attorney
Briscoe, B. Kyle
Retained

## Events and Hearings

| | |
|---|---|
| 10/01/2021 | Original Petition (OCA) |
| 10/01/2021 | Letter |
| 10/01/2021 | Petition |
| 10/04/2021 | Citation |
| 10/04/2021 | Citation ▼ |
| 10/28/2021 | Answer |
| 10/28/2021 | Process Return |
| 11/01/2021 | Citation ▼ |

## Financial

Cotton, Joe

| | Total Financial Assessment | | | $300.00 |
|---|---|---|---|---|
| | Total Payments and Credits | | | $300.00 |
| 10/1/2021 | Transaction Assessment | | | $300.00 |
| 10/1/2021 | eFile Payment | Receipt # DC-2021-05467 | Cotton, Joe | ($300.00) |

# EXHIBIT 2

Exhibit 2



# Notice of Service of Process

**RFM / ALL**
**Transmittal Number: 23911900**
**Date Processed: 10/13/2021**

| | |
|---|---|
| Primary Contact: | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |
| Entity: | The Kroger Co.<br>Entity ID Number  2171751 |
| Entity Served: | The Kroger Co. |
| Title of Action: | Joe Cotton vs. The Kroger Co. |
| Matter Name/ID: | Joe Cotton vs. The Kroger Co. (11641724) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Personal Injury |
| Court/Agency: | Rockwall County District Court, TX |
| Case/Reference No: | 1-21-1357 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 10/12/2021 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Scott G. Robelen<br>214-252-9099 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

*PSC14 W*
*MAILED*
*10.6.21*

## CITATION

**CLERK OF THE COURT**

Lea Carlson
District Clerk, Rockwall County
1111 Yellowjacket Ln. Ste 200
Rockwall, Texas 75087

**Attorney for the Plaintiff**

Scott G. Robelen
2777 North Stemmons Frwy
Dallas TX 75207

### 1-21-1357

### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:       The Kroger Co.
          By Serving Its Registered Agent Corporation Service Company D/B
          CSC-Lawyers Incorporating Service Co
          211 E 7th Street Suite 620
          Austin TX 78701

GREETINGS: You are hereby commanded to appear before the 382nd District Court of Rockwall County, Texas, at the Rockwall County Courthouse, 1111 E. Yellowjacket Lane, Suite 200, in Rockwall, Texas by filing a written answer to Plaintiff's **ORIGINAL PETITION** at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 1-21-1357, styled Joe Cotton Vs The Kroger Co. And John Doe.

Said **ORIGINAL PETITION** was filed in the 382nd District Court on OCTOBER 1, 2021

ISSUED AND GIVEN UNDER MY HAND AND SEAL of Court at office on this the 4th day of October, 2021

Lea Carlson, District Clerk
Rockwall County, Texas

By: *Stephanie Manskey*,
Stephanie Manskey, Deputy Clerk

**Defendant Copy**

## OFFICER'S RETURN

Cause No. 1-21-1357     382nd District Court
Joe Cotton Vs The Kroger Co. And John Doe
ADDRESS FOR SERVICE:
The Kroger Co.
By Serving Its Registered Agent Corporation Service Company D/B
CSC-Lawyers Incorporating Service Co
211 E 7th Street Suite 620
Austin TX  78701

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ___.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the ORIGINAL PETITION at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| _____ | _____ | _____. |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____
And the cause or failure to execute this process is:
_____
And the information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy  $_____
Total:                     $_____

                                                  _____, Officer/Constable/Clerk

                                                  _____, Printed Name

                                                  _____ County, Texas

                                              By: _____, Deputy

                                                  _____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under the penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
          (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

                                              _____
                                              Declarant/Authorized Process Server

                                              _____
                                              (Id # & expiration of certification)

Filed: 10/1/2021 10:13 AM
Lea Carlson,
District Clerk
Rockwall County, Texas
Stephanie Manskey

CAUSE NO. _____1-21-1357_____

| | | |
|---|---|---|
| **JOE COTTON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | Rockwall County - 382nd District Court |
| V. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **THE KROGER CO. AND JOHN DOE,** | § | |
| **Defendant.** | § | **ROCKWALL COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, JOE COTTEN**, hereinafter called Plaintiff, complaining of and about The Kroger Co. and John Doe, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I.   DISCOVERY CONTROL PLAN LEVEL

Plaintiff seeks damages in an amount that is within the jurisdictional limits of the Court and monetary compensation over $250,000.00 but less than $1,000,000.00 Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### II.   PARTIES AND SERVICE

Plaintiff, JOE COTTON, is an individual who is a resident of Dallas County, Texas. The last three digits of the Plaintiff's driver's license number are 123. The last three digits of the social security number for the Plaintiff are 856.

Defendant, The Kroger Co., is a company doing business in Texas, located at 1950 Goliad St., Rockwall, Texas, and may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at the Registered Office Street Address: 211 E. 7th Street, Suite 620, Austin, Tx 78701. Service of said Defendant as described above can be perfected by personal delivery or certified mail. **Issuance of citation is requested at this time.**

Defendant John Doe was, at all times relevant hereto, an employee of Defendant The Kroger Co. and acting within the course and scope of such employment. Upon information and belief, John Doe is a resident of the State of Texas and can be served wherever he may be found.

### III. JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter, and the amount in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties, and all or a substantial part of the events occurred in this county. Venue in Rockwall County is proper in this cause.

### IV. FACTS

At all times material hereto, Defendant, The Kroger Co. "Defendant Kroger", was the owner/operator of the premises located at 1950 Goliad St., Rockwall, Texas. At that same place and time, John Doe "Defendant Doe" was employed by Defendant Kroger. On or about June 26, 2020, Plaintiff entered upon said premises as an invitee for the purpose of delivering merchandise to Defendant Kroger. During the time that Plaintiff was upon Defendant Kroger's property, Plaintiff was seriously injured as a result of a dangerous condition that existed. Specifically, Plaintiff fell over a pallet placed on the floor in his path by Defendant Doe. Plaintiff's fall on the pallet negligently left on the floor by Defendant Doe in Defendant Kroger's store was the proximate cause of the damages and injuries complained of in this petition in which Defendants Kroger and Doe, knew or, in the exercise of ordinary care, should have known existed.

### V. LIABILITY OF DEFENDANT

At all times mentioned herein, Defendants, The Kroger Co and John Doe, had such control over the premises in question that Defendants, Kroger and Doe, owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Defendants Kroger and Doe, Defendant Kroger's agents, servants, and employees negligently permitted the floor to become dangerous, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the unreasonably unsafe condition presented by the pallet. This condition existed despite the fact that Defendants, Kroger and Doe, and/or Defendant Kroger's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

When Defendant Doe placed the pallet into the path of the Plaintiff, he did so in the course and scope of his employment with Defendant Kroger, thereby making Defendant Kroger liable for Defendant Doe's negligent conduct.

## VI.   PROXIMATE CAUSE

Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII.   DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JOE COTTEN, was caused to suffer severe bodily injuries and to incur some or all of the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, JOE COTTEN, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past and future;

D.  Impairment in the past and future;

E. Mental anguish in the past and future;

F. Disfigurement;

G. Lost wages past and future; and,

H. Loss of earning capacity past and future.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for some or all of the following damages:

a) Physical pain in the past and future;

b) Mental anguish in the past and future;

c) Disfigurement in the past and future;

d) Physical impairment in the past and future;

e) Medical expenses in the past and future;

f) Loss of earning capacity in the past and future;

g) Lost wages;

h) Costs of suit;

i) Prejudgment and post-judgment interest;

j) All other and further relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**BAILEY & GALYEN**
2777 North Stemmons Frwy
Dallas, TX 75207
214-252-9099 - Office
214-520-9941 – Facsimile
srobelen@galyen.com – Email
dallaslit@galyen.com -- E-Service Only


By:   /s/ Scott G. Robelen
      Scott G. Robelen
      Texas State Bar No.: 16990045

      **ATTORNEY FOR PLAINTIFF**

# EXHIBIT 3

Exhibit 3

Case 3:21-cv-02709-X   Document 1-2   Filed 11/02/21   Page 14 of 19   PageID 23

Filed: 10/28/2021 3:34 PM
Lea Carraway
District Clerk
Rockwall County, Texas
Alva Caraway

CAUSE NO. 1-21-1357

| | | |
|---|---|---|
| JOE COTTON, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 382nd JUDICIAL DISTRICT |
| | § | |
| THE KROGER CO. AND JOHN DOE | § | |
|     Defendants. | § | ROCKWALL COUNTY, TEXAS |

_____

**DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL**

COMES NOW, Defendant The Kroger Co." and files this Original Answer and respectfully shows the Court as follows:

**I.**
**GENERAL DENIAL**

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

**II.**
**VERIFIED DENIAL**

By way of verified denial pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendant denies that Plaintiff is entitled to recover from The Kroger Co. in the capacity in which this entity has been sued. Defendant denies that The Kroger Co. owned or operated the store at issue at any relevant time. Consequently, Plaintiff has no right or potential right of recovery against The Kroger Co. because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

## III.
## DEFENSES

1. Defendant specifically and expressly denies that Plaintiff was an invitee at the time of the incident made the basis of this lawsuit.

2. Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

3. Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

4. The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

5. Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

6. In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

7. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

8. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

9. To the extent that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

10. To the extent that Plaintiff breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages, such damages are not reasonable or necessary.

11. To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of Plaintiff's injuries in order to continue treatment, Defendant contends said treatment is not medically necessary or reasonable.

12. Any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, with respect to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13. Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or

loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## IV.
## COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for all other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**Delaney Blakey**
State Bar No. 24120457
dblakey@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Michael W. Stumbaugh, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a crime, and that he is over the age of 21 and competent to make this verification. Accordingly, Mr. Stumbaugh verifies that the facts alleged in Paragraph II. Verified Denial of the foregoing pleading are true and correct.

_____
Michael W. Stumbaugh

Subscribed and sworn to before me on this 28th day of October 2021.

_____
NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on October 28, 2021.

/s/ B. Kyle Briscoe
B. Kyle Briscoe

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 58640769
Status as of 10/28/2021 3:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Scott Robelen | | srobelen@galyen.com | 10/28/2021 3:34:08 PM | SENT |
| Michael Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 10/28/2021 3:34:08 PM | SENT |
| Delanry Blakey | | dblakey@peavlerbriscoe.com | 10/28/2021 3:34:08 PM | SENT |
| Mark Forester | | mforester@peavlerbriscoe.com | 10/28/2021 3:34:08 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 10/28/2021 3:34:08 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 10/28/2021 3:34:08 PM | SENT |